IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
ANTHONY A. GEDOS, : CASE NO. 1:09 CV 2728
 :
 Plaintiff, : MEMORANDUM OF OPINION AND
 : ORDER
 -vs- :
 :
 :
STEVEN M. DETTELBACH, et al, :
 :
 Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court are cross motions for summary judgment filed by the plaintiff Anthony A. Gedos and the defendants Steven M. Dettelbach and Eric Holder. Mr. Gedos has not responded to the defendants' motion. The defendants have opposed the plaintiff's motion. For the reasons that follow, the Court will find in favor of the defendants and grant their motion. The plaintiff's motion will be denied.

**I. Background**

In the summer of 2008, the United States Attorney's Office for the Northern District of Ohio ("USAO") posted a job opening for an Assistant U.S. Attorney. (Doc. 14-1, ¶6). In order to qualify, it was required that an applicant "have between 3-8 years post-bar admission experience." (Doc. 14-1, ¶¶5,6). The defendants chose this criterion because an AUSA's salary is based in part on the Administratively Determined Pay Schedule, which takes account of the number of years an attorney has been a

member of the bar.  (Doc. 14-1, ¶5).  The more post-bar experience an attorney has, the greater his pay.  (Doc. 14-1, ¶5).  The defendants explain that they wanted to hire an attorney who would learn the basics of the position before reaching the maximum pay grade.  (Doc. 14-1, ¶5).

Mr. Gedos, who was admitted to the Ohio Bar in 1973, submitted an application on 16 June 2008.  (Doc. 1, ¶1).  The USAO wrote Mr. Gedos to inform him that he did not qualify for the position because he had more than eight years of post-bar experience.  (Doc. 14-2; Doc. 1, ¶1).  Mr. Gedos contacted the USAO by telephone on 8 July 2008 and complained that their rejection of his application based on years of post-bar experience amounted to age based discrimination.  (Doc. 14-1, ¶8).

The USAO cancelled the position without filling it, and advertised a new position, which made no reference to years of post-bar experience.  Mr. Gedos was informed that he would be considered for it.  (Doc. 14-1, ¶9; Doc. 14-2, p. 11).  Mr. Gedos's application was considered but ultimately rejected.  (Doc. 14-1, ¶9).  The position was eventually filled by an applicant over the age of 40.  (Doc. 14-1, ¶9).

On 20 November 2009, Mr. Gedos filed this lawsuit alleging that the defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 633a(a)("ADEA"), when they rejected his application based on his law school graduation date.  (Complaint ¶1). Mr. Gedos seeks $500,000 in "money damages, front pay, back pay, loss of fringe benefits, liquidated damages, compensatory damages, mental upset, and loss of enjoyment of life."  (Complaint ¶3).

In their motion for summary judgment, the defendants argue that Mr. Gedos's age discrimination claim became moot when the USAO cancelled the first

announcement and re-posted the position without reference to post-bar experience. The defendants argue alternatively that Mr. Gedos's claim cannot survive on the merits, because he can neither make out a prima facie case of age discrimination, nor can he show that their proffered reason for rejecting him was pretextual.

Mr. Gedos seeks summary judgment in his favor on the grounds that a hiring criterion based on the number of years an attorney has been in practice is equivalent to age based discrimination.  He maintains that the Court should infer pretext from the fact that the defendants cancelled the position and re-posted it without reference to years of post-bar experience.

**II. Summary Judgment Standard**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  When considering a motion for summary judgment, the court must draw all inferences from the record in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

"The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991)

(citing John v. State of La. (Bd. of Tr. for State Coll. & Univ.), 757 F.2d 698, 705 (5th Cir.1985)). "[T]he standard of review for cross motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." Sabatine v. Paul Revere Life Ins. Co., 2011 WL 127487, at *2 (N.D. Ohio 14 January 2011)

### III. Discussion

The defendants first argue that Mr. Gedos's claim became moot when the USAO cancelled the first position and later reposted it without reference to post-bar experience. The defendants argue that Mr. Gedos was not harmed and his claim is therefore moot, because his application was considered on its merits for the second position.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. Alvarez v, Smith, 130 S.Ct. 576, 580 (2009). "Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances." In re Wingerter, 594 F.3d 931, 936 (6th Cir. 2010).

The Court need not belabor the merits of the defendants' mootness argument, because "it is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000)(internal quotations omitted). A defendant asserting mootness on the basis of voluntary cessation bears the burden of showing that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203

4

(1968). In the present case, the defendants have offered no assurance that the post-bar experience criterion will not be reinstated in the future. Because the defendants have not met their burden, the Court will address the merits of Mr. Gedos's claim.

A plaintiff may establish disparate treatment in violation of the ADEA by either direct or circumstantial evidence. Geiger v. Tower Auto., 579 F.3d 614, 620 (6th Cir. 2009). "Direct evidence of discrimination is that evidence which, if believed, *requires* the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Id. (emphasis added); see also Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000) ("a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent").

Mr. Gedos's conclusory assertion that the rejection letter is direct evidence of age discrimination is not well taken, because the letter does not unavoidably lead to the conclusion that the USAO was motivated by discriminatory intent. Because an individual can attend law school at any age, the hiring criterion used by the USAO could just as easily exclude someone in his thirties as it would someone in his forties. By the same token, a person over forty could qualify for the position so long as he has three to eight years of post bar experience. The rejection letter is not direct evidence of age based discrimination.

If Mr. Gedos is to prove his claim, therefore, he must do so using circumstantial evidence. In order to prove age based discrimination under the ADEA using circumstantial evidence, it is helpful to use the McDonnell Douglas framework. Geiger v. Tower Automotive, 579 F.3d 614, 620 (6th Cir. 2009). "A plaintiff establishes a prima

5

facie case of intentional age discrimination when he shows: (1) that he was in the protected age group, between forty and seventy years old; (2) that he 'applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.'" Wooden v. Board of Educ. of Jefferson County, Ky., 931 F.2d 376, 378 (6th Cir. 1991)(quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Once a plaintiff satisfies his prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action. Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008). If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination. Id.  The burden of persuasion, however, remains on the ADEA plaintiff at all times to demonstrate " 'that age was the "but-for" cause of their employer's adverse action.'" Geiger, 579 F.3d at 620 (quoting Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2351 n. 4 (2009)).

In the present case, the defendants maintain that Mr. Gedos has not made out his prima facie case, because he has not shown that after he was rejected, the position remained open and the USAO continued to seek applicants.  The purpose of this requirement is to weed out those cases where an applicant is rejected for the common and legitimate reason that the employer has decided not to fill the position.  See International Broth. of Teamsters v. U.S., 431 U.S. 324, 358 n. 44 (1977).  Although Mr. Gedos's arguments on this point are sparse at best, from the defendants' declaration it

6

appears not so much that Mr. Gedos was rejected as a result of a decision not to fill the position, as the decision not to fill the position resulted from Mr. Gedos's complaints about the defendants' alleged discriminatory hiring criterion.  Furthermore, the rejection letter indicates that an absence of a vacancy was not the reason the defendants' declined to hire Mr. Gedos.  Drawing all inferences in favor of Mr. Gedos, the Court finds this sufficient to support his prima facie case of discrimination.

The burden of production now shifts to the defendants, who must articulate a legitimate nondiscriminatory reason for not hiring the plaintiff.  The defendants maintain that Mr. Gedos was rejected not on the basis of his age, but rather on his number of years of post-bar experience.

Surely there is a correlation between the number of years of post-bar experience and age, but the defendants' use of post-bar experience as a hiring criterion does not amount to a violation under the ADEA.  "[T]he ADEA prohibits only actions *actually motivated by age* and does not constrain an employer who acts on the basis of other factors – pension status, seniority, wage rate – that are empirically correlated with age."  Lyon v. Ohio Educ. Ass'n and Professional Staff Union, 53 F.3d 135, 139 (6th Cir. 1995)(citing Hazen.Paper Co. v. Biggins, 507 U.S. 604 (1993)).  Therefore, by basing their rejection of Mr. Gedos on his number of years of post-bar experience, the defendants have advanced a legitimate, nondiscriminatory reason for not hiring him.

Now the burden shifts back to Mr. Gedos to show that the defendants' proffered reason is pretextual.  To carry his burden in opposing summary judgment, Mr. Gedos must produce sufficient evidence from which a jury could reasonably reject the defendants' explanation as to why they denied his application.  Mickey v. Zeidler Tool &

Die Co., 516 F.3d 516, 526 (6th Cir. 2008). Mr. Gedos asks the Court to infer pretext from the actions the defendants took after he complained. He specifically mentions the defendants' "attempt to salvage the mistake," apparently referring to fact that the defendants choose to cancel the position and eliminate the three to eight year post-bar experience criterion. In the Court's view, the defendants' decision to refrain from using a hiring criterion that they were within their rights to use does not amount to evidence of pretext. Mr. Gedos supplies no other evidence of pretext, and the Court accordingly holds that no jury could reasonably reject the defendants' explanation for not hiring him.

**IV. Conclusion**

For the reasons stated above, the Court finds in favor of the defendants and grants their motion for summary judgment. Mr. Gedos's motion is denied.

IT IS SO ORDERED.

                                               /s/ Lesley Wells
                                               UNITED STATES DISTRICT JUDGE

Date: 11 February 2011